# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYTACERA BIO, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CYTOMX THERAPEUTICS, INC.,<br><br>　　　　　　　Defendant. | C.A. No. 20-cv-00333-LPS-CJB |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DEFENDANT CYTOMX THERAPEUTICS, INC. REGARDING DISCOVERY DISPUTE**

Dated:  July 29, 2021

Dear Judge Burke:

      Defendant CytomX respectfully requests the Court's assistance to resolve a discovery dispute regarding Plaintiff Vytacera's deficient answer to Interrogatory No. 15. Interrogatory No. 15 is a focused, targeted request seeking Vytacera's position on which claim limitations it contends are not present in the four references CytomX has identified as invalidating prior art to the patents-in-suit (Ex. A at 2):

> To the extent You contend that any of the four references identified in CytomX's Initial Invalidity Contentions…does not disclose each and every limitation of each asserted claim, either expressly or inherently, set forth your contentions regarding each such reference, including, for each asserted claim, the identification of each claim limitation that You believe is not present in the reference, and your contentions as to why the portion(s) of the reference cited in Exhibits A-D to CytomX's Initial Invalidity Contentions fail to disclose the limitation.

      In responding to Interrogatory No. 15, Vytacera refused to provide the requested element-by-element analysis, because it contends that the four references are not prior art, teach away from the patents-in-suit, or "would not be a reference that a person of ordinary skill in the art would consider in developing the inventions covered by the patents-in-suit." *Id*. at 3.

      Vytacera's position is untenable. Vytacera is obligated by Fed. R. Civ. P. 33(b), the Court's Scheduling Order, and this Court's prior rulings to fully answer Interrogatory No. 15, which is a contention interrogatory. Fed. R. Civ. P. 33(b) specifically requires each interrogatory "be answered separately and fully[.]" Fed. R. Civ. P. 33(b)(3). Vytacera has not done so.

      Moreover, the Scheduling Order in this case requires parties to respond in kind to contention interrogatories early in the case, and specifically provides that "the adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive." D.I. 24 at ¶ 9(d)(iii). Here, CytomX served nearly 300 pages of detailed invalidity contentions close to five months ago. *See, e.g.,* Ex. B (exemplary claim chart). This included element-by-element claim charts for each of the four prior art references raised in Interrogatory No. 15. *Id*. Vytacera should be required to respond in kind.[1]

      This Court has routinely required plaintiffs to answer interrogatories of this nature, which assist defendants in obtaining full, in kind, validity contentions. For example, in *EON Corp. IP Holdings, LLC v. Flo TV Inc. et al.*, the Special Master recommended compelling the plaintiff to provide a complete response to an interrogatory similar to CytomX's Interrogatory No. 15, stating that defendants' "contentions warrant a similarly responsive level of detail from the Plaintiff." C.A. No. 1-10-cv-00812-RGA, D.I. 552 at 4 (D. Del. July 23, 2013) (Ex. G) (requiring responses to 20 references). That recommendation—to which the parties did not object—applied this Court's decision in *Pragmatus AV, LLC v. Yahoo! Inc.*, which required the plaintiff to "address the substance of Yahoo!'s assertion that each limitation is met by a particular system." C.A. No. 1-11-cv-00902-LPS-CJB, D.I. 164 at 2 (D. Del. June 25, 2013)

---

[1] CytomX has engaged in ongoing efforts to obtain Vytacera's validity positions. Interrogatory No. 15 was served only after multiple requests that Vytacera substantively supplement its response to a general interrogatory seeking Vytacera's validity contentions (No. 5). *See* Exs. C-D. Vytacera has similarly refused requests to supplement its response to Interrogatory No. 15. *See* Exs. E-F. Thus, this issue is ripe for the Court's resolution.

(Ex. H) (requiring responses to 10 references).  Similarly, in *Satius Holding, Inc. v. Samsung Elecs. Co., Ltd. et al.*, this Court required the plaintiff to "provide a similar amount of detail in setting out Plaintiff's validity contentions as was provided by Defendants in their Initial Invalidity Contentions."  C.A. No. 1-18-cv-00850-MN-CJB, D.I. 52 at 1 (D. Del. Aug. 8, 2019) (Ex. I) (requiring responses to 29 references).

      The Court's prior reasoning applies with equal force here.  CytomX provided detailed element-by-element claim charts for its asserted prior art references, (*see* Ex. B), which is the same level of detail Interrogatory No. 15 requests.  As such, Vytacera should be compelled to answer Interrogatory No. 15 with a "similar amount of detail," by identifying each and every element of the asserted claims it contends are not present in each of the four references.  *Satius*, at 1.  Compared to the cases cited above, in which the Court compelled a response to ten or more references, Vytacera's burden is minimal here, with only four references currently asserted.  Vytacera's ongoing refusal to substantively respond denies CytomX the opportunity to learn Vytacera's true contentions regarding the substance of the prior art, substantially prejudicing CytomX's ability to prepare its case.  The Court should therefore compel Vytacera to provide a full response to Interrogatory No. 15.

      Vytacera's rationale for refusing to provide the requested element-by-element information lacks merit.  Vytacera does not contest that CytomX's four references are prior art as of September 3, 2002, the filing date of the parent provisional application.  Rather, Vytacera alleges that the patents-in-suit are entitled to an earlier conception date, such that the four asserted references do not qualify as prior art.  Whether Vytacera can legally establish an earlier conception date, however, is a disputed issue.  Vytacera's "conception" is based on a single two page document from February 2001, and Vytacera has produced no corroborating evidence demonstrating diligence or actual reduction to practice between February 2001 and September 2002.  Vytacera's alleged conception date is tenuous, at best.  Moreover, even crediting Vytacera's earlier conception date impacts the prior art status of only one reference (Wuest).

      A second reference (D'Amico) is an issued patent that qualifies as § 102(e)(2) art despite Vytacera's alleged conception date because it claims priority to a 1998 filing date.  The remaining two references (Waldmann and Trouet) are prior art under § 102(e)(1) even in view of Vytacera's alleged earlier conception date.  In arguing otherwise, Vytacera conflates Section 102(e)'s requirement that the prior art application *itself* be published with a non-existent requirement that the applications *to which the prior art application claims priority* must have been published.  *See* Ex. J at 12-13, 15.  But Section 119(e) expressly provides that PCT applications can claim the priority date of a U.S. provisional application, as Waldmann and Trouet do.  *See* 35 U.S.C. § 119(e); *see also* Ex. K at 2 (USPTO Flowchart for 35 U.S.C. § 102(e) Dates, Chart II).  Provisional applications, by their nature, are never published.  *See* MPEP 1120 ("Provisional applications…shall not be published[.]") (citing 37 CFR 1.211(b)).  Thus, because both Waldmann and Trouet are published PCT applications that claim priority to U.S. provisional applications filed before Vytacera's alleged conception date, they are prior art.

      Vytacera's remaining arguments—that the four references teach away from the claimed inventions and are not references a skilled artisan would consider—are undermined by CytomX's detailed claim charts showing where each element of the claims is found in each reference.  *See* Ex. B.  At minimum, these are factual disputes that must be resolved, and Vytacera should not be permitted to withhold its position on the substance of these references at this point in discovery.  Thus, CytomX respectfully requests the Court to compel Vytacera to supplement its Interrogatory No. 15 response.

                                                    Respectfully submitted,

                                                    */s/ Casey M. Kraning*

cc:   Counsel of Record (via ECF)          Casey M. Kraning (#6298)