**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| VYTACERA BIO, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:20-cv-00333-LPS-CJB |
| CYTOMX THERAPEUTICS, INC., | |
| Defendant. | |

**ANSWERING LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE
FROM PLAINTIFF VYTACERA BIO, LLC IN RESPONSE TO LETTER FROM
DEFENDANT CYTOMX THERAPEUTICS, INC. REGARDING DISCOVERY
DISPUTE**

Dated: August 5, 2021

Dear Judge Burke:

Plaintiff Vytacera respectfully requests that this Court deny CytomX's motion for supplemental responses to Interrogatory No. 15.

First, this Court should deny this motion because conducting an element-by-element analysis would be an undue burden for Vytacera and is not necessary for CytomX to understand Vytacera's position. Vytacera responded to Interrogatory No. 15 stating that the references were not prior art, and even if they were, they taught away from the inventions claimed in the patents-in-suit. Vytacera explained this point in its nearly ten-page third supplemental response to CytomX's Interrogatory No. 5. Ex. J. CytomX has not justified why Vytacera must still conduct this analysis. CytomX merely says this teaching away is undermined by its own claim charts, without saying how, and argues that Vytacera should provide an element-by-element analysis anyway. It is undisputed "that contention interrogatories . . . are more burdensome than those simply calling for recitation of facts." *Par Pharm., Inc. v. Twi Pharms., Inc.*, 2012 U.S. Dist. LEXIS 191474, at *4 (D. Md. 2012) (deferring the deadline to answer contention interrogatories until thirty days after completion of expert discovery); *see also Finjan Inc. v. ESET, LLC*, 2018 U.S. Dist. LEXIS 171364, at **10-11 (S.D. Cal. 2020) ("The information demanded is . . . unduly burdensome . . . . Here, [defendant] is demanding a substantive and particularized explanation on an element-by-element basis with citation to specific portions of prior art"). Thus, mandating that Vytacera provide an element-by-element analysis without justifying why is unduly burdensome, unnecessary, and premature.

Second, CytomX's own invalidity contentions are insufficient. Vytacera explained this to CytomX, *see* Ex. 1, which refused to address these insufficiencies, and Vytacera still proceeded, in good faith, to provide a third supplemental response to Interrogatory No. 5. *See* Ex. J. CytomX merely cut and pasted prior art excerpts with little to no analysis or explanations as to how an element was met by that prior art. *See e.g.*, D.I. 30A-30D. Reproducing portions and figures from prior art references, without explaining how those excerpts disclose each element of each limitation, is insufficient; it is also improper to use claim charts for invalidity contentions "that purport to assert obviousness combinations on a claim element-by-element basis" but also "include so many potential combinations of alleged prior art that they fail to reasonably apprise" a Plaintiff of a Defendant's obviousness contentions. *0912139 B.C. Ltd. v. Rampion USA Inc.*, 2019 U.S. Dist. LEXIS 117338, at **16, 20-21 (W.D. Wash. 2019) (holding that Defendants' claim charts were insufficient because they copied and pasted the same portions of prior art references for multiple elements within a claim limitation, ***without*** highlighting portions of the excerpted references ***or*** adding arrows pointing to specific areas) (emphasis added).

Here, while CytomX argues that its invalidity contentions and claim charts for the references discussed in Interrogatory No. 15 are detailed, none of the cut and pasted excerpts from the references contain any highlighting or analysis to show which areas are relevant. The invalidity charts either have several paragraphs of dense text, or that same dense text with a limited number of figures. *See, e.g.*, D.I. 30A-30D. CytomX does not explain how these copied-and-pasted portions from each of the disputed references invalidate each asserted claim limitation. *Id.* It also neither highlights relevant portions of the excerpted references nor annotates the claim charts by adding arrows pointing to specific features of the references. *Id.*

Third, although CytomX attached three orders in support of its motion, none ordered any party to provide supplemental responses when the references were not prior art or taught away

from the inventions at issue. In *Eon Corp. IP Holdings, LLC v. Flo TV Inc., et al*, the plaintiff did not provide *any* response, stating that doing so would be an undue burden. *See* Ex. G. In *Pragmatus AV, LLC v. Yahoo! Inc.*, the plaintiff responded by stating that every limitation was missing, and the Court ordered more detail while *also ordering* the defendant to provide its obviousness combinations. *See* Ex. H. Further, unlike CytomX, the defendant in *Pragmatus AV* at least highlighted portions of the prior art excerpts. *Id*. Finally, in *Satius Holding, Inc. v. Samsung Electronics Co., Ltd. et al*, it is unclear whether or how the plaintiff originally responded. *See* Ex. I. Here, although CytomX may not like Vytacera's response, it is sufficient.

Fourth, CytomX argues that three of the four references are prior art under 35 U.S.C. §§ 102(e)(1) or 102(e)(2). Wuest, the last reference, is impacted by the patents-in-suits' conception date, which CytomX admits. D.I. 65, at p. 2. The remaining three references are not prior art. In order for a non-provisional application, whether PCT or US, to claim priority to a provisional application under § 119(e) and ultimately § 102(e), "the written description of the provisional must adequately support the claims of the non-provisional." *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1380 (Fed. Cir. 2017) (quoting *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002)). For Waldmann, two provisional applications were filed. Comparing the claims and written description of each of those provisionals with the cited PCT application reveals drastic differences between the written description and claims. *See* Exs. 2-4. As a result, Waldmann cannot receive the benefit of either of the provisional applications' priority dates under §119(e).

Similarly, the difference in scope between Trouet's PCT application and its provisional is massive. A vast majority of the claims in the PCT application are multiple dependent claims, *see* Ex. 5, while the original provisional application does not have any multiple dependent claims. *See* Ex. 6. Such differences in claim scope forces a POSA to "pick and choose from . . . [the] claims, without any guidance from the written description," and "do not provide a basis for a written description of the now-claimed subject matter." *FWP IP AwS v. Biogen MA, Inc.*, 749 Fed. Appx. 969, 977 (Fed. Cir. 2018). Thus, the Trouet PCT application cannot serve as a prior art reference under § 102(e)(1) and the Trouet provisional cannot be a § 102(e)(1) prior art reference because it is not an application published under 122(b). *Amgen Inc.*, 872 F.3d at 1380 n.5 (stating that it is undisputed that provisional applications are not prior art under § 102(e)(1)).

For D'Amico, there are two 1998 filing dates: 1) January 7, 1998, which D'Amico claims priority as a continuation-in-part, and 2) July 6, 1998. *See* Exs. 7-8. Further, the D'Amico file history, according to Public PAIR, is located at the Franconia repository; as of 2018, the USPTO closed the Franconia facility. *See Franconia Repository Closing*, U.S. Pat. and Trademark Office (last visited Aug. 5, 2021), https://www.uspto.gov/trademarks/trademark-updates-and-announcements/franconia-repository-closing. The file history is unreviewable now. *See* Ex. 9.

Requiring Vytacera to supplement Interrogatory No. 15 with claim charts on an element-by-element basis, when the references are not prior art, and when the references teach away from the invention, would be unduly burdensome because it is an unnecessary exercise. Finally, as stated in the Scheduling Order, D.I. 24 at 6, "[t]he adequacy of all interrogatory answers should be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive." Here, Vytacera has more than adequately met the level of detail provided by CytomX in their invalidity contentions. Therefore, this Court should deny CytomX's motion.

Respectfully submitted,

/s/ *Stamatios Stamoulis*

cc: Counsel of Record (via ECF)          Stamatios Stamoulis (#4606)