IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYTACERA BIO, LLC, </br></br> Plaintiff, </br></br> v. </br></br> CYTOMX THERAPEUTICS, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 20-333-JLH-CJB |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report & Recommendation (D.I. 178), recommending that the Court grant Defendant CytomX Therapeutics Inc.'s Motion for Judgment on the Pleadings, as Judge Burke concluded that (i) in view of the Court's claim construction, the Complaint failed to allege a plausible theory of literal infringement; (ii) the Court would not consider Plaintiff's new theory of literal infringement (made in response to Defendant's motion for judgment on the pleadings) because it wasn't alleged in the Complaint or attachments; and (iii) while it was possible that Plaintiff could articulate a theory under the doctrine of equivalents (DOE), the Complaint did not plead facts that articulate why it is plausible that Defendant's accused product infringes under the DOE;

WHEREAS, on December 12, 2023, Plaintiff objected to that Report on a "limited" basis and sought the opportunity to replead (D.I. 180 at 1);

WHEREAS, on January 26, 2024, Defendant responded to those objections (D.I. 181);

WHEREAS, this matter is among the hundreds of cases that were reassigned to me in January 2024;[1]

WHEREAS, the Court has considered the parties' objections and responses *de novo*, 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3);

NOW, THEREFORE, IT IS HEREBY ORDERED that the Report is ADOPTED insofar as it concludes that Plaintiff's Complaint does not plausibly allege literal or DOE infringement; the Complaint is therefore DISMISSED.  Plaintiff is granted leave to amend its pleading within 7 days.[2]

Date: October 17, 2024

                                                 The Honorable Jennifer L. Hall
                                                 UNITED STATES DISTRICT JUDGE

---

[1] The docket reflects that I am the fifth judge in this district to issue orders in this case.

[2] Defendant points out that the deadline to amend pleadings has already passed.  True, but I agree with Plaintiff that the Court's later issuance of a claim construction order that differs from the construction presumed by the complaint constitutes good cause for a late amendment under these unique circumstances.

The Court agrees with Defendant that Plaintiff's current theory of direct infringement appears (at least on this limited record) to be without merit and that Plaintiff's DOE theory appears unlikely to succeed.  But I do not think that granting "judgment on the pleadings" under Rule 12(c), without giving an opportunity to amend, is the appropriate procedural mechanism to dispose of Plaintiff's claims in this situation, particularly since the Federal Circuit has made clear that "a plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

That said, Defendant may have a good argument that the Court should entertain an early summary judgment motion, perhaps with abbreviated briefing.  Indeed, Plaintiff's lack of specificity about how additional fact or expert discovery could avoid a determination by the Court that no reasonable jury could find (literal or DOE) infringement suggests to the Court that additional discovery may be unnecessary.

Should Plaintiff choose to replead, Plaintiff must serve updated infringement contentions that reflect the Court's *Markman* rulings on the same date it files its amended pleading.  Failure to do so may result in dismissal with prejudice.